IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **KESHEL S. COATES,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-402 (MTT) ) |
| **CATHOLIC DIOCESE OF SAVANNAH, CARRIE JANE WILLIAMSON** in her official and individual capacities, **SIS. CHERYL HILLIG** Administrator of Saint Peter Claver Catholic School of Macon, Georgia, in her official and individual capacities, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. ECF 7. In an effort to afford the plaintiff, Keshel Coates, who is proceeding *pro se*, adequate notice and time to respond to the defendants' motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Coates wishes to respond, she must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

If Coates does not timely respond to the motion to dismiss, the Court may dismiss her claims against the defendants. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Coates may submit her argument to this Court by filing a brief in opposition to the defendants' motion to

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss (ECF 7) to Coates at her last known address. Thereafter, all notices or other papers may be served on Coates directly by mail at her last known address.

dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

The Court evaluates a motion to dismiss based on failure to state a claim using the following standard:

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may

-3-

dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

**SO ORDERED**, this 7th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
