**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KESHEL S. COATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-402 (MTT)** |
| | ) | |
| **ROMAN CATHOLIC DIOCESE OF SAVANNAH, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# ORDER

Before the Court is Plaintiff Keshel Coates' motion for leave to file a second amended complaint, to file exhibits supporting the proposed second amended complaint, and to substitute a corrected proposed second amended complaint. ECF 39; 40; 55. Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, amendment is "not an automatic right." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). The Court may deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Id*. "Leave to amend a complaint is futile when the complaint as amended would . . . be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). As explained below, Plaintiff has not shown that amendment is warranted. Accordingly, Plaintiff's motion for leave to amend (ECF 39) is **DENIED,** and her related motions (ECF 40; 55) are **DENIED as moot**.

Plaintiff, proceeding pro se, filed her complaint in September 2025. ECF 1. In October, Defendants moved to dismiss. ECF 7. Plaintiff amended the complaint as of right, and Defendants moved to dismiss certain claims raised in the First Amended Complaint. ECF 21; 22; 24; 31 at 7. In the order on Defendants' motion to dismiss, the Court explained: "[Plaintiff's] ninety-page amended complaint is far too long and confusing. ECF 22. The Defendants' cursory ten-page brief makes no effort to figure out the amended complaint's confusing claims. ECF 24. Defendants did not file a reply brief. The parties leave it to the Court to sort [Plaintiff's] claims." ECF 31 at 5. After sorting through the First Amended Complaint, the Court granted the motion to dismiss in part and denied it in part and without prejudice. ECF 31. The Court dismissed Coates' Title VII claims for employment discrimination on the basis of religion and her § 1983 claims, but the Court held the ministerial exception does not, based on the allegations in the First Amended Complaint, bar Plaintiff's remaining employment discrimination claims. *Id.* at 13. Plaintiff's remaining claims thus proceeded to discovery. ECF 31; 37.

In accordance with the Court's standard practice, the Court then entered an Artificial Intelligence ("AI") Disclosure Order, directing that "[i]n all pleadings, Plaintiff shall . . . . certify that Plaintiff has verified the accuracy of all facts and all legal authorities cited in the pleading." ECF 32. Plaintiff responded by disclosing that she used AI for legal research when preparing the First Amended Complaint and that she had consulted with remote legal counsel, which the Court and the parties discussed at a subsequent scheduling conference. ECF 33 at 1–2; 38.

Plaintiff now moves for leave to file a second amended complaint. ECF 39. But Plaintiff does not support her motion with a brief. *Id.* Instead, she provides a two-page

cover sheet, stating she seeks to "clarify legal deficiencies, factual allegations, to add estoppel legal claims based on facts and recent Supreme Court authority concerning the **limited scope of the ministerial exception**," to clarify that "the **ministerial exception does not apply** to bar [her] claims," to provide additional detail showing Defendants' actions were "motivated by **racial discrimination and religious coercion**" in violation of § 1981 and Title VII, and to allege retaliation, unequal treatment, and wrongful termination. *Id.* at 1, 2 (emphasis in original). But Plaintiff does not explain why amendment is warranted. *Id.* As discussed, the Court previously held that Plaintiff's claims are not currently barred by the ministerial exception and Plaintiff's claims based on racial discrimination under § 1981 and Title VII are proceeding for further factual development. ECF 31. The onus is on Plaintiff to show that justice requires amendment via the Proposed Second Amended Complaint, and Plaintiff's two-page cover sheet does not demonstrate that justice requires amendment here.

Defendants responded to the motion to amend with specific arguments addressing deficiencies in the Proposed Second Amended Complaint, including deficiencies allegedly shared by the First Amended Complaint. ECF 41. Defendants argue portions of the First Amended Complaint "would be subject to dismissal through a motion under [Federal Rule of Civil Procedure] 12(c) as pleaded." *Id.* at 11 n.6. Defendants also note that Plaintiff failed to comply with the Court's AI Disclosure Order. *Id.* at 17–19.

Plaintiff's reply fails to address the pleading deficiencies identified in Defendants' response. ECF 42. Instead, Plaintiff broadly asserts that she satisfies the requirements for amendment under Federal Rule of Civil Procedure 15(a)(2). *Id.* She also apparently

contends that she satisfied her Rule 11 obligations and complied with the Court's AI Disclosure Order because she previously disclosed that she used AI and consulted legal counsel in drafting the First Amended Complaint. *Id.* at 8–9. To be clear, the Court's AI Disclosure Order requires verification "[i]n all pleadings." ECF 32; 52 at 2. That aside, Plaintiff's reply brief, like her two-page cover sheet, fails to demonstrate that amendment is warranted.

The Court then updated its AI Disclosure Order.[1] ECF 52. In response, Plaintiff moved for leave to substitute a "corrected" proposed second amended complaint. ECF 55. Plaintiff states that upon reviewing the Proposed Second Amended Complaint, she "identified typographical errors and legal-drafting inconsistencies concerning the application of Title VII, 42 U.S.C. § 1981, and identified Georgia contractual and equitable theories within certain Counts." ECF 55 at 2. In other words, Plaintiff concedes that some of the legal theories asserted in the Proposed Second Amended Complaint require "correction" now that Plaintiff has reviewed them in accordance with her Rule 11 obligations. The corrected proposed second amended complaint may, or may not, be an improvement over Plaintiff's erroneous proposed second amended complaint, but Plaintiff still has not shown why amendment of the First Amended Complaint is warranted.

That said, the First Amended Complaint is far from perfect, even following Defendants' cursory initial motion to dismiss certain claims. In their much-improved

[1] The Court amended its standard AI Disclosure Order in all of its active pro se cases to address the evolving landscape of AI use by pro se litigants. The Court's previous order required disclosure of AI use. The Amended AI Disclosure Order does not require pro se litigants to disclose whether they used AI, but it still requires that "[i]n all pleadings" pro se litigants certify that they have verified the accuracy of all facts and all legal authorities cited and legal theories advanced in the pleading. ECF 52 at 2.

response to Plaintiff's motion to amend, Defendants note that the First Amended Complaint contains deficiencies which would be subject to dismissal under a Rule 12(c) motion for judgment on the pleadings. ECF 41 at 11 n.6. If Defendants wish to file a motion for judgment on the pleadings, with a helpful brief, they may do so within thirty days.

In sum, Plaintiff has failed to show that amendment is warranted under Federal Rule of Civil Procedure 15(a)(2). Accordingly, Plaintiff's motion for leave to file a second amended complaint (ECF 39) is **DENIED**. Plaintiff's motion to file omitted exhibits in support of the motion for leave to amend (ECF 40) and motion for leave to file a substitute, corrected proposed second amended complaint (ECF 55) are **DENIED as moot**.

**SO ORDERED**, this 3rd day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT